| Joseph T. Girard | |
|---|---|
| vs. | W. C. A. No. 1280. |
| E. Turgeon | |

October 17, 1933.

BAKER, P. J. Heard on petition of employee for review.

This case has been before the Court previously and a rescript herein filed March 11, 1932, states the facts fully. Following the filing of that rescript a decree was entered April 8, 1932.

At the time of the previous hearing it appeared that the respondent suggested that he could offer the petitioner work as a carpenter.

Following the filing of said rescript and decree the parties had some negotiations and as a result certain work was offered to the petitioner. The first position offered was that of a carpenter to work on the second floor of a building. To reach this position it was necessary to climb a ladder. There appears to be some conflict in the testimony as to whether the place where the petitioner was to work was entirely boarded over or whether there were open spaces. In any event, the petitioner felt that he could not perform this work, so the respondent then offered him a position of watchman at $14 a week. This was accepted by the petitioner and he began work April 21, 1932, and worked continuously for nine weeks. He was then discharged by the respondent, who claims that he was inefficient and somewhat insubordinate. The petitioner says in this connection that he did his work properly and knew of no reason why he should be discharged. Since the date of his discharge, apparently the petitioner has attempted to find work without much result and has also endeavored to learn weaving, but owing to his injury has been more or less unsuccessful.

The evidence presented at the original hearing showed that the petitioner herein lost the sight of his left eye by reason of an accident suffered while working for the respondent. At the time of the first hearing, the Court found that the petitioner was suffering from partial disability and the Court is now of the opinion that the same situation still exists.

After careful consideration of the evidence now presented, the Court believes that it should not make any further order for payments of compensation during the period that the petitioner was working for the respondent as a watchman. The evidence would seem to show that the petitioner had an opportunity to do work as a carpenter but, whether justified or not, did not see fit to take that position. The Court believes, however, that the respondent should pay the petitioner compensation on the basis of partial disability from and after the date of his discharge as a watchman.

The evidence presented at the original hearing tended to show that if the petitioner worked a full week as a carpenter he earned $30.80 but that his fair average earnings would be in the neighborhood of $24 a week.

The Court is of the opinion that reasonable compensation for the partial disability from which the petitioner has been and is now suffering would be at the rate of $6 per week. The Court finds, therefore, that the

petitioner is entitled to a payment of $6 per week from the date he was discharged by the respondent as watchman and hereafter until further order of the Court, less such sums as he may already have paid during that period under the decree entered April 8, 1932.

For petitioner: Hogan & Hogan.

For respondent: Henshaw, Lindemuth & Baker.